United States Court of Appeals

For the Eighth Circuit

_____

No. 19-1154

_____

United States of America,

*Plaintiff - Appellee,*

v.

Craig Richard Whittingslow,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted:  October 30, 2019
Filed: November 4, 2019
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Craig Whittingslow appeals after he entered a conditional guilty plea to drug offenses, and the district court[1] imposed a prison term within the advisory sentencing

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

guideline range.  Whittingslow's plea reserved the right to appeal the district court's denial of his motion to suppress.  His counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), suggesting that the district court erred in denying the motion to suppress, and that Whittingslow's prison term is substantively unreasonable.

We conclude that the district court did not err in denying Whittingslow's motion to suppress.  *See United States v. Bay*, 662 F.3d 1033, 1035 (8th Cir. 2011) (when reviewing denial of motion to suppress, this court reviews questions of law de novo and factual findings for clear error).  The stipulated facts in Whittingslow's plea agreement established that the search of his Jeep and motor home was reasonable, and fell under the vehicle exception to the Fourth Amendment's warrant requirement, because the law enforcement officers had fresh, direct, and uncontradicted information that he was using those vehicles to distribute marijuana.  *See Carney v. California*, 471 U.S. 386, 391-95 (1985).

We also conclude that Whittingslow's prison term is not substantively unreasonable.  The sentence imposed is at the bottom of the guideline range, and there is no indication the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors.  *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (discussing substantive reasonableness).

Finally, we have independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we have found no non-frivolous issues.  Accordingly, we grant counsel's motion to withdraw, and we affirm.

———————————————